IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| GLEN ALAN PUTNAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-384-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| BRIAN BELLEQUE, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Glen Alan Putnam
1708 N.W. 23rd Avenue, Apt. 2
Portland, Oregon 97210

    Pro Se Plaintiff

Hardy Myers
Attorney General
Joseph G. Groshong
Katharine von Ter Stegge
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096

    Attorneys for Defendants

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Glen Alan Putnam was incarcerated at Snake River Correctional Institute ("SRCI") and Oregon State Penitentiary ("OSP") during the events he alleges. Putnam claims he was assaulted by other inmates seven times between July 2004 and March 2005 and twice in October 2006. After the assault in March 2005, Putnam alleges he was charged with misconduct and brought to a disciplinary hearing which resulted in 120 days of disciplinary segregation, 28 days loss of privileges, a $200 fine, and the loss of 55 days of earned time/good time credits. Putnam alleges claims against various prison officials for: (1) deliberate indifference pertaining to providing him a safe and secure environment, constituting cruel and unusual punishment in violation of the Eighth Amendment; (2) confinement in segregation without due process in violation of the Fifth Amendment; and (3) deprivation of a protected property right interest without adequate due process in violation of the Fifth Amendment. Before the court is defendants Belleque, Rowell, Shasteen, and Prinslow's Amended Unenumerated 12B Motion to Dismiss for Failure to Exhaust (#42). For the reasons below, I grant the motion.

## DISCUSSION

Defendants argue that the claims against them must be dismissed because Putnam failed to exhaust his administrative grievance remedies prior to filing this action, as required by 42 U.S.C. § 1997(e).

The Prison Litigation Reform Act ("PLRA") states: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The PLRA exhaustion

requirement requires "proper exhaustion," which means compliance with all deadlines and "other critical procedural rules." Woodford v. Ngo, 548 U.S. 81, 90, 93, 126 S. Ct. 2378 (2006).

The PLRA's exhaustion requirement creates an affirmative defense that must be raised and proven by defendants. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). Because the failure to exhaust nonjudicial remedies is not jurisdictional under the PLRA, the defense is treated as a matter in abatement and is subject to an unenumerated motion to dismiss rather than a motion for summary judgment. The court may look beyond the pleadings and decide disputed issues of fact. If the prisoner has not exhausted nonjudicial remedies, the court should dismiss the claim without prejudice. Id. at 1119-20.

Grievances are processed in accordance with the ODOC Administrative Rules for Inmate Communication and Grievance Review System. Inmates are encouraged to talk to first line staff as their primary way to resolve disputes and, if not satisfied, to use a written inmate communication form. OAR 291-109-0120(2)(a)(A) and (B). If this does not resolve the issue, the inmate can file a grievance if it complies with the rules and no other review process is available. OAR 291-109-0140(1)(a) and (2)(b)(B).

Inmates can grieve: (1) the application of or lack of any administrative directive or operational procedure; (2) unprofessional behavior or action directed toward an inmate by an employee or volunteer; and (3) any oversight or error affecting an inmate. OAR 291-109-0140(2)(a). A grievance must be filed within 30 days of the incident. OAR 291-109-0140(3)(b).

An inmate can appeal a grievance response to the functional unit manager by completing a grievance appeal form and filing it with the grievance coordinator within fourteen days of receipt of the response. OAR 291-109-0140(5)(a). If still not satisfied, the inmate can appeal the

functional unit manager's decision by completing another grievance appeal form and filing it with the grievance coordinator within fourteen days. This final appeal is decided by an assistant director having authority over the issue. OAR 291-109-0140(5)(b).

While incarcerated at SRCI, Putnam filed a grievance in December 2006 concerning being assaulted and extorted by fellow inmates. Grievance Coordinator Teresa Hicks returned the grievance to Putnam without any action on January 25, 2007 because Putnam denied he was having problems when he was interviewed. Putnam never appealed this grievance. There is no record of any other grievances Putnam filed and administratively exhausted. The time to grieve is now long past.

Accordingly, Putnam has not complied with the PLRA administrative exhaustion requirement. I dismiss all claims alleged against Belleque, Rowell, Shasteen, and Prinslow without prejudice.

## CONCLUSION

Defendants Belleque, Rowell, Shasteen, and Prinslow's Amended Unenumerated 12B Motion to Dismiss for Failure to Exhaust (#42) is granted. All claims against them are dismissed without prejudice. The claims alleged against Clemente remain pending.

IT IS SO ORDERED.

Dated this _____30th_____ day of July, 2008.

                                                                                           /s/ Garr M. King
                                                                                          Garr M. King
                                                                                          United States District Judge