IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| GLEN ALAN PUTNUM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. 07-384-KI |
| | ) | |
| vs. | ) | OPINION AND ORDER |
| | ) | |
| BRIAN BELLEQUE; A. ROWELL; LT. SHASTEEN; COLEEN CLEMENTE; REBECCA PRINSLOW, | ) ) ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Glen Alan Putnam
1708 N.W. 23rd Avenue, Apt. 2
Portland, Oregon  97210

Pro Se Plaintiff

Page 1 - OPINION AND ORDER

Hardy Myers
Attorney General
Joseph G. Groshong
Katharine von Ter Stegge
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096

    Attorneys for Defendants Brian Belleque, A. Rowell, Lt. Shasteen and
        Rebecca Prinslow

John M. Kreutzer
Bullivant Houser Bailey PC
300 Pioneer Tower
888 S. W. Fifth Avenue
Portland, Oregon 97204-2089

    Attorney for Defendant Coleen Clemente

KING, Judge:

Plaintiff Glen Alan Putnam was incarcerated at Snake River Correctional Institute and Oregon State Penitentiary ("OSP") during the events he alleges. Putnam claims he was assaulted by other inmates seven times between July 2004 and March 2005. After the last assault, Putnam was charged with misconduct and brought to a disciplinary hearing. He alleges that defendant Hearings Officer Coleen Clemente found him guilty and deprived him of liberty and property interests without due process. Before the court is Defendant Coleen Clemente's Motion for Summary Judgment (#43). For the reasons below, I grant the motion.

## FACTS

Putnam was in a fight with another inmate at OSP on March 8, 2005. Officer Rowell, one of the corrections officers who broke up the fight, wrote a Misconduct Report which resulted in a disciplinary hearing for Putnam on March 10, 2005. Coleen Clemente is the Hearings

Page 2 - OPINION AND ORDER

Officer with the Oregon Department of Corrections who presided at Putnam's disciplinary hearing. Hearings Officer Clemente found that Putnam violated Rule 2a(G), Assault I. Also on March 10, 2005, she sanctioned Putnam to 120 days in segregation, less time served; 28 days loss of privileges on release from segregation; a $200 fine; and retraction of 55 days earned time credit.

Putnam filed this action on March 15, 2007.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

Hearings Officer Clemente moves for summary judgment on the due process claim alleged against her. She argues that the statute of limitations bars Putnam's claim.

Section 1983 claims use the two-year statute of limitations for personal injury actions. Sain v. City of Bend, 309 F.3d 1134, 1139 (9th Cir. 2002); ORS 12.110. Putnam's claim arose on the date of his disciplinary hearing and sanction order, March 10, 2005. Thus, his March 15, 2007 filing is five days too late.

Page 3 - OPINION AND ORDER

The prisoner mailbox rule stops the clock when a prisoner delivers papers to prison authorities for mailing.  <u>Houston v. Lack</u>, 487 U.S. 266, 270-71, 108 S. Ct. 2379 (1988) (30-day notice of appeal).  Although I am unaware of the Ninth Circuit applying the mailbox rule in a civil rights action which has a two-year statute of limitations, as opposed to the much shorter time frames involved in notices of appeal and habeas petitions, other circuits have done so.  <u>Sulik v. Taney County, Mo.</u>, 316 F.3d 813, 815 (8th Cir. 2003) (applying mailbox rule to a civil rights action with a five-year statute of limitations; citing cases from the First, Second, Fourth, Fifth, Sixth, Seventh, and Eleventh Circuits); <u>Price v. Philpot</u>, 420 F.3d 1158, 1164 (10th Cir. 2005) (applying mailbox rule to a civil rights action with a two-year statute of limitations).  Putnam did not respond to this motion, however, so he did not provide facts or argument to support the application of the mailbox rule in this action.  Consequently, I conclude that Putnam's claim against Clemente is untimely and grant summary judgment against it.

## CONCLUSION

Defendant Coleen Clemente's Motion for Summary Judgment (#43) is granted.  The claim against her is dismissed with prejudice.

IT IS SO ORDERED.

Dated this ____2nd_____ day of September, 2008.

       /s/ Garr M. King
      Garr M. King
      United States District Judge